```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

JAVIER VALDEZ-APONTE

    **Plaintiff**

        v.                      **CIVIL NO.** 16-2922(RAM)

UNITED STATES OF AMERICA

    **Defendant**

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Petitioner Javier Valdez-Aponte's ("Valdez-Aponte" or "Petitioner") *Petition for Writ of Habeas Corpus*. (Docket No. 3). The Court **DENIES** the *Petition for Writ of Habeas Corpus* for being untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2007, Valdez-Aponte was indicted on six counts of a seven-count indictment. (Docket No. 9 at 2). He ultimately accepted a plea agreement for Count 1 of the indictment. Id. On September 25, 2008, Valdez-Aponte pled guilty to conspiracy to possess with intent to distribute thirty-five (35) grams of cocaine and six hundred (600) grams of heroin within one thousand (1,000) feet of protected locations, namely a public housing project and schools, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and 860. (Docket No. 9 at 2-3; Criminal Case No. 07-

cr-00453-PAD-45, Docket No. 1356).[1] He was sentenced to one hundred and eight (108) months of imprisonment. Id. Judgment was entered accordingly on October 2, 2008. (Docket No. 9 at 4; Criminal Case No. 07-cr-00453-PAD-45, Docket No. 1356).

On July 7, 2016, Valdez-Aponte filed a *pro se Petition for Writ of Habeas Corpus* ("*Petition*"). (Docket No. 3).[2] Therein, Petitioner alleges that: (1) his conviction constitutes double jeopardy; (2) he was denied effective assistance of counsel; (3) he was denied the right to appeal; and (4) the sentence exceeds the maximum authorized by law . Id. at 11-13. Although the *Petition* was originally filed pursuant to 28 U.S.C. § 2254, the Court subsequently ordered that because Valdez-Aponte "remains within the custody of BOP and considering also he is pro-se, it is now determined that thus [sic] petition is to be considered as one filed under [28 U.S.C.] § 2255." (Docket No. 4).

On June 5, 2017, the United States filed their *Response in Opposition* to the *Petition*. (Docket No. 9). The United States argued that Valdez-Aponte's motion is untimely and addressed each allegation on the merits. Id.

---

[1] The Court takes judicial notice of the filings in USA v. Cruz-Mojica et al, Criminal Case No. 07-cr-00453-PAD-45, the federal criminal case against Valdez-Aponte which led to the sentence object of the present *habeas* petition. See AES Puerto Rico, L.P. v. Trujillo-Panisse, 133 F. Supp. 3d 409, 415 (D.P.R. 2015) (holding that "documents on file in federal or state courts are proper subjects of judicial notice.").

[2] Valdez-Aponte's *Petition* was received by the Clerk's Office of the United States District Court for the District of Puerto Rico on July 19, 2016 and was filed on November 4, 2016. (Docket No. 3).

The case was reassigned to the undersigned on September 9, 2019. (Docket No. 15).

### III. APPLICABLE LAW

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Furthermore, § 2255 establishes that prisoners have a one-year period to file a motion requesting relief pursuant to this statute. *See* 28 U.S.C. § 2255(f). This one-year filing period begins to run from the latest of:

> (1) **the date on which the judgment of conviction becomes final**;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been

>       discovered through the exercise of due
>       diligence.

Id. (emphasis added).

## IV. DISCUSSION

Valdez-Aponte was sentenced on September 25, 2008 and the judgment was entered on **October 2, 2008**. (Docket No. 9 at 4; Criminal Case No. 07-cr-00453-PAD-45, Docket No. 1356). The record reflects that Petitioner **did not appeal this judgment**. When "appellate review is not sought, the judgment becomes 'a final judgment for habeas purposes once the deadline for filing a notice of appeal expire[s] **14 days later**.'" Reyes-Santana v. United States, 2017 WL 1321983, at *1 (D.P.R. 2017) (quoting United States v. Gilbert, 807 F.3d 1197, 1200 (9th Cir. 2015)) (emphasis added). *See also* Fed. R. App. P. 4(b)(1)(A) (establishing that in criminal cases, a defendant must file their notice of appeal within fourteen (14) days of entry of the judgment). Thus, Valdez-Aponte's judgment of conviction became "final" for purposes of § 2255(f)(1) on **October 16, 2008**.

Pursuant to the prisoner mailbox rule, "a *pro se* prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." Morales-Rivera v. United States, 184 F.3d 109, 109 (1st

Cir. 1999). Applying this rule, Valdez-Aponte filed the present *Petition* on **July 7, 2016, more than seven years following finality of judgment.** (Docket No. 3 at 16).

Petitioner's § 2255 motion clearly does not comply with the one-year period established by the statute and is therefore **untimely**. *See e.g.,* Lattimore v. Dubois, 311 F. 3d 46, 53-54 (1st Cir. 2002) (finding that a habeas petition which had been filed one day late was time barred). Although the one-year period can be equitably tolled under certain circumstances, Petitioner has not proffered any grounds for such equitable tolling and the Court finds none. *See* Santiago-Rodriguez v. United States, 2012 WL 6016751, at *2 (D.P.R. 2012) (citing Ramos-Martinez v. United States, 638 F.3d 315, 319 (1st Cir. 2011)).

In its *Response in Opposition*, the United States posits that Petitioner presumably seeks a new one-year period to file his § 2255 motion for double jeopardy claims pursuant to the Supreme Court's decision in Puerto-Rico v. Sanchez-Valle, 136 S. Ct. 1863 (2016). (Docket No. 9 at 4). However, the ruling in Sanchez-Valle does not apply retroactively. *See* Santana-Rios v. United States, 235 F. Supp. 3d 386, 387 (D.P.R. 2017) (holding that Sanchez-Valle does not apply retroactively and denying a § 2255 petition for being time-barred).

Thus, there is no justification for Valdez-Aponte's failure to comply with the one-year period established in § 2255(f).

Notably, in Collado v. United States, a case where the petitioner filed his § 2255 motion *four* years after the finality of judgment, another judge sitting in this District explained that:

> [The petitioner's] failure to acknowledge or explain this egregious delay suggests that he was (and remains) simply unaware of or unconcerned with the statutory requirement. Collado's **ignorance of the law, however, is insufficient to justify the extraordinary action of departing from the will of Congress as clearly expressed in section 2255**. Therefore, having failed to file his motion within one year of the date that his conviction became final, Collado's motion is untimely.

Collado v. United States, 581 F. Supp. 2d 282, 285 (D.P.R. 2008) (emphasis added).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Valdez-Aponte's *Petition for Writ of Habeas Corpus* at Docket No. 3 because it is untimely. Accordingly, the Court does not need to address Petitioner's arguments on the merits. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit in accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of dismissal with prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of April 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
